UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN PAROT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CLARIVATE PLC, JERRE STEAD, and RICHARD HANKS,<br><br>Defendants. | Case No. 1:22-cv-00394-ARR-RLM<br><br>**CLASS ACTION** |

## JOINT STIPULATION AND [PROPOSED] ORDER

**WHEREAS**, on January 24, 2022, Plaintiff Kevin Parot ("Plaintiff") filed a putative class action complaint in the above-captioned action (the "Action"), Dkt. No. 1 (the "Complaint"), asserting claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder against Defendants Clarivate Plc, Jerre Stead, and Richard Hanks (collectively, "Defendants"); and

**WHEREAS**, the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4 et seq., provides: (i) that plaintiffs bringing class action claims under the Exchange Act must publish a notice advising members of the putative class of the pendency of the action; and (ii) that any member of the putative class may move the Court to serve as lead plaintiff of the putative class within 60 days after the notice is published, and further provides a procedure for the appointment by the Court of lead plaintiff(s) and lead counsel to represent the putative class; and

**WHEREAS**, on January 24, 2022, counsel for Plaintiff caused a notice to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA (the "PSLRA Notice"), advising members of the putative class of the pendency of the Action; and

**WHEREAS**, by March 25, 2022, *i.e.*, not later than sixty days after the date of the PSLRA Notice, Plaintiff or other members of the putative class may move this Court to serve as lead plaintiff(s); and

**WHEREAS**, the PSLRA provides for an automatic stay of discovery in this Action during the pendency of any motion to dismiss, 15 U.S.C. § 78u-4(b)(3)(B); and

**WHEREAS**, counsel for Plaintiff and counsel for Defendants believe that an answer or motion responding to the Complaint would be premature prior to the entry of an Order by the Court pursuant to the PSLRA appointing one or more lead plaintiffs and lead counsel (the "Lead Plaintiff Order").

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned attorneys for Plaintiff and Defendants, as follows:

1. The undersigned counsel for Defendants is authorized to and hereby waives service of the summons and the Complaint in this Action on behalf of all Defendants; provided, however, that waiver of service and entry into this stipulation shall not waive or prejudice any—and Defendants expressly preserve all—rights, claims, and defenses, including, but not limited to all defenses relating to jurisdiction and venue, except a defense as to the sufficiency of service of the summons and Complaint and the form of the summons.

2. Defendants shall have no obligation to answer or otherwise respond to, and each hereby is expressly relieved from answering or otherwise responding to, the Complaint, subject to the provisions of paragraph 3 below.

3. Within sixty (60) days from the date of entry of a Lead Plaintiff Order in this Action ("Amended Complaint Deadline"), the Court-appointed lead plaintiff(s) shall file an amended complaint ("Amended Complaint"), if any. Within sixty (60) days from the date of the Amended

Complaint's filing, or if no Amended Complaint is filed, within sixty (60) days from the Amended Complaint Deadline, Defendants shall answer or file a motion to dismiss the Amended Complaint, or shall answer or file a motion to dismiss the Complaint if no Amended Complaint has been filed.

4. If Defendants move to dismiss the Complaint or Amended Complaint, as applicable:

   a. The Court-appointed lead plaintiff(s)' response to Defendants' motion to dismiss shall be due forty-five (45) days from the date that Defendants file the motion to dismiss; and

   b. Defendants' reply to the Court-appointed lead plaintiff(s)' response shall be due thirty (30) days from the date of the filing of the Court-appointed lead plaintiff(s)' response.

5. There have been no requests for an extension of time previously made in this matter.

Dated: March 14, 2022                        Respectfully submitted,

**POMERANTZ LLP**                            **DAVIS POLK & WARDWELL LLP**

/s/ Jeremy A. Lieberman                      /s/ James P. Rouhandeh
Jeremy A. Lieberman                          James P. Rouhandeh
J. Alexander Hood II                         Brian S. Weinstein
James M. LoPiano                             450 Lexington Avenue
600 Third Avenue, 20th Floor                 New York, New York 10017
New York, New York 10016                     Telephone: (212) 450-4835
Telephone: (212) 661-1100                    Facsimile: (212) 701-5835
Facsimile: (212) 661-8665                    james.rouhandeh@davispolk.com
jalieberman@pomlaw.com                       brian.weinstein@davispolk.com
ahood@pomlaw.com
jlopiano@pomlaw.com                          *Attorney for Defendants Clarivate Plc, Jerre Stead, and Richard Hanks*

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Attorneys for Plaintiff Kevin Parot*

                               **SO ORDERED.**

Dated: March 14, 2022
New York, New York

*/s/ Roanne L. Mann*
HONORABLE ROANNE L. MANN
UNITED STATES MAGISTRATE
JUDGE EASTERN DISTRICT OF
NEW YORK

4