**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KEVIN PAROT, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  v.<br><br>CLARIVATE PLC, JERRE STEAD, and RICHARD HANKS,<br><br>    Defendants. | Civil Action No. 1:22-cv-00394-ARR-RLM<br><br><u>CLASS ACTION</u><br><br>**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF ARKANSAS TEACHER RETIREMENT SYSTEM FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF ITS SELECTION OF LEAD COUNSEL, AND CONSOLIDATION OF THE RELATED ACTIONS**<br><br>**ORAL ARGUMENT REQUESTED** |
| BOYNTON BEACH FIREFIGHTERS' PENSION FUND, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>CLARIVATE PLC, JERRE STEAD, and RICHARD HANKS,<br><br>    Defendants. | Civil Action No. 1:22-cv-01371-CBA-RER<br><br><u>CLASS ACTION</u> |

*(case caption continues on following page)*

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>  v.<br><br>CLARIVATE PLC, JERRE STEAD, RICHARD HANKS, SHERYL VON BLUCHER, KOSTY GILLIS, BALAKRISHNAN S. IYER, NICHOLAS MACKSEY, ANTHONY MUNK, JANE OKUN BOMBA, CHARLES J. NERAL, RICHARD W. ROEDEL, CHRISTINE ARCHBOLD, CITIGROUP GLOBAL MARKETS INC., BOFA SECURITIES, INC., RBC CAPITAL MARKETS, LLC, BARCLAYS CAPITAL, INC., HSBC SECURITIES (USA) INC., J.P. MORGAN SECURITIES LLC, and PRICEWATERHOUSECOOPERS LLP,<br><br>     Defendants. | Civil Action No. 1:22-cv-01372-RPK-MMH<br><br>CLASS ACTION |

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 1

FACTUAL BACKGROUND ........................................................................................................ 3

ARGUMENT .................................................................................................................................. 6

    A.    ATRS Should Be Appointed Lead Plaintiff ...................................................................... 6

        1.    ATRS Satisfied The PSLRA's Procedural Requirements ........................................ 6

        2.    ATRS Believes That It Has The Largest Financial Interest In The Relief Sought By The Class ............................................................................................. 7

        3.    ATRS Satisfies The Relevant Requirements Of Rule 23 .......................................... 8

    B.    ATRS Selected Well-Qualified Counsel To Represent The Class ................................ 11

    C.    Consolidation Of All Related Actions Is Warranted ..................................................... 12

CONCLUSION ............................................................................................................................. 13


# TABLE OF AUTHORITIES

**Cases**

*Chilton v. Chiumento Grp.*,
    365 F. App'x 298 (2d Cir. 2010) .............................................................................. 6

*City of Sunrise Firefighter's Pension Fund v. Citigroup Inc.*,
    20-cv-9132 (AJN), 2021 WL 396343 (S.D.N.Y. Feb. 4, 2021) .................................. 8

*Dura v. Pharmaceuticals, Inc. v. Broudo*,
    544 U.S. 336 (2005) .................................................................................................. 2

*In re Olsten Corp. Sec. Litig.*,
    3 F.Supp.2d 286 (E.D.N.Y. 1998) ............................................................................ 8

*Kaplan v. Gelfond*,
    240 F.R.D. 88 (S.D.N.Y. 2007) .............................................................................. 13

*Lax v. First Merchants Acceptance Corp.*,
    No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) .................................... 8

*Murphy v. JBS S.A.*,
    17-CV-3084, 2017 WL 4480751 (E.D.N.Y. Oct. 6, 2017) ................................. 9, 11

*Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*,
    No. CV-09-3007 (SJF) (AKT), 2010 WL 3909331 (E.D.N.Y. Sept. 29, 2010) ...... 11

*Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*,
    2010 WL 3924862 (E.D.N.Y. Aug. 17, 2010) ......................................................... 11

*Sallustro v. CannaVest Corp.*,
    93 F. Supp. 3d 265 (S.D.N.Y. 2015) ......................................................................... 8

*Stitt v. On Deck Capital, Inc.*,
    No. 15 Civ.6126 (AT), 2016 WL 889535 (S.D.N.Y. Feb. 17, 2016) ....................... 9

*Taylor v. Barnes & Noble, Inc.*,
    14-CV-108 (KMW) (FM), 2014 WL 12769396 (S.D.N.Y. July 16, 2014) ........... 12

*Villella v. Chemical & Mining Co. of Chile Inc.*,
    No. 15 Civ. 2106 (ER), 2015 WL 6029950 (S.D.N.Y. Oct. 14, 2015) ..................... 2

**Statutes**

15 U.S.C. § 77k ................................................................................................................ 1

15 U.S.C. § 77l ................................................................................................................. 1

15 U.S.C. § 77o ............................................................................................................................. 1

15 U.S.C. § 77z ..................................................................................................................... passim

15 U.S.C. § 78u ..................................................................................................................... passim

17 C.F.R. § 240.10b-5 ................................................................................................................. 1

**Legislative History**

1995 U.S.C.C.A.N. 730 (1995) ................................................................................................. 10

H.R. Conf. Rep. No. 104-369 (1995) .................................................................................. 3, 10

S. Rep. No. 104-98 (1995) ......................................................................................................... 3

**Rules**

Fed. R. Civ. P. 23 ............................................................................................................ 2, 6, 8, 9

Fed. R. Civ. P. 42 ............................................................................................................ 1, 12, 13

Arkansas Teacher Retirement System ("ATRS") respectfully submits this memorandum of law in support of its motion: (1) to be appointed Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), and Section 27(a)(3)(B) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (2) for approval of its selection of Bleichmar Fonti & Auld LLP ("BFA") as Lead Counsel for the Class; (3) for consolidation of all related securities class actions pursuant to Federal Rule of Civil Procedure 42(a); and (4) for any such further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

On March 11, 2022, ATRS, through its counsel, BFA, filed a securities class action alleging that Clarivate Plc ("Clarivate" or the "Company") and certain of its senior officers defrauded investors in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5). ATRS's complaint also asserts claims under Sections 11, 12(a)(2), and 15 of the Securities Act (15 U.S.C. §§ 77k, 77l, 77o) against Clarivate, certain executives and directors that signed the Company's registration statement filed with the SEC on June 19, 2020, the underwriters of the Company's offering of more than 14 million preferred shares on or about June 9, 2021 (the "Preferred Shares Offering"), and Clarivate's outside auditor.[1]

---

[1] *See Arkansas Teacher Retirement System v. Clarivate Plc*, No. 1:22-cv-01372-RPK-MMH (E.D.N.Y filed March 11, 2022) ("*Arkansas Teacher*"). Two similar class actions are currently pending in this District. *See Parot v. Clarivate Plc*, No. 1:22-cv-00394-ARR-RLM (E.D.N.Y. filed on January 24, 2022) ("*Parot*") and *Boynton Beach Firefighters' Pension Fund v. Clarivate Plc*, No. 1:22-cv-01371-CBA-RER (E.D.N.Y. filed on March 11, 2022) ("*Boynton Beach*") (and together with *Arkansas Teacher*, the "Related Actions"). Although the allegations in *Parot* and *Boynton Beach* are substantially similar to the allegations in *Arkansas Teacher*, those actions omit important Securities Act claims asserted in *Arkansas Teacher*.

The Related Actions allege that Clarivate's financial statements were materially false and misleading because they violated Generally Accepted Accounting Principles ("GAAP"), and that the Company falsely assured investors that its internal controls over financial reporting ("ICFR") and disclosure controls and procedures ("DCP") were effective. Clarivate investors, including ATRS, incurred significant losses when Clarivate restated its financial results for 2020 and the first three quarters of 2021, and declared a material weakness in its ICFR and DCP.

Pursuant to the PSLRA, this Court is to appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(B)(i), 77z-1(a)(3)(B)(i). In that regard, the Court is to determine which movant has the "largest financial interest" in the relief sought by the Class in this litigation, and also whether such movant has made a *prima facie* showing that it is a typical and adequate class representative under Federal Rule of Civil Procedure 23(a). 15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(I), 77z-1(a)(3)(B)(iii)(I). For the reasons set forth below, ATRS believes it is the "most adequate plaintiff" by virtue of, among other things, (i) the $2,815,130.57 in losses that it incurred on its investment in Clarivate Preferred Shares for claims arising under Section 11 of the Securities Act, and the (ii) $2,683,508.40 in losses as calculated under a first-in, first-out basis ("FIFO"), and $2,694,982.40 in losses as calculated under a last-in, first-out basis ("LIFO") that it incurred during the Class Period,[2] as assessed under the U.S. Supreme Court's ruling in *Dura v. Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005) for claims arising under the Exchange Act.

ATRS also satisfies the relevant requirements of Rule 23(a) because its claims are typical of all members of the Class, and it will fairly and adequately represent the Class. Indeed, ATRS

---

[2] For purposes of this motion, ATRS has provided its financial interest in the Exchange Act claims under the longest noticed Class Period of November 10, 2020 through February 2, 2022, alleged in *Boynton Beach*. *See Villella v. Chemical & Mining Co. of Chile Inc.*, No. 15 Civ. 2106 (ER), 2015 WL 6029950, at *5 n.5 (S.D.N.Y. Oct. 14, 2015) (for the purposes of appointing a Lead Plaintiff, the broadest potential class period governs.)

is more than adequate; it is precisely the type of investor that Congress intended to lead securities class actions. *See* H.R. Conf. Rep. No. 104-369, at *34 (1995); S. Rep. No. 104-98, at *6 (1995). As a sophisticated institution, ATRS has significant experience serving in a fiduciary capacity, supervising the work of outside counsel, and can leverage its resources to help maximize the recovery for the Class. ATRS also has prior experience serving as Lead Plaintiff and a class representative in securities class actions, recovering more than $1.5 billion for investors. As is clear from the results it achieved, ATRS fully understands the Lead Plaintiff's obligations to the Class under the PSLRA, and it is willing and able to take on the responsibilities of the Lead Plaintiff to ensure the vigorous prosecution of this case. *See* Declaration of Javier Bleichmar ("Bleichmar Decl."), Ex. A.

Finally, ATRS has selected BFA, a law firm with substantial experience in successfully prosecuting securities class actions, to serve as Lead Counsel for the Class. Accordingly, ATRS respectfully requests that the Court appoint it Lead Plaintiff and otherwise grant its motion.

## FACTUAL BACKGROUND

Clarivate is an information services and analytics company. In May 2019, Clarivate became a publicly traded company after the special purpose acquisition company ("SPAC") Churchill Capital Corp purchased the Company. On October 1, 2020, Clarivate acquired CPA Global, an intellectual property software and tech-enabled services company. ¶ 3.[3] On April 29, 2021, Clarivate announced that it would restate its financial statements for nearly the entire previous two years because the Company had incorrectly accounted for warrants issued in connection with the SPAC transaction. ¶ 6. And on May 10, 2021, Clarivate restated its financial results for 2020 and acknowledged that it suffered from a material weakness in internal controls,

---

[3] All citations to ¶__ refer to the complaint filed in *Arkansas Teacher*.

3

but assured investors that the weakness was cabined to the narrow issue relating to Clarivate's warrants, and that its accounting was otherwise accurate. ¶¶ 7-8.

On or around June 9, 2021, Clarivate conducted the Preferred Shares Offering, issuing 12.5 million Preferred Shares at $100.00 per share, raising proceeds of $1.25 billion. In connection with the Preferred Shares Offering, Clarivate provided the underwriters with the option to purchase an additional 1.875 million Preferred Shares, which the underwriters exercised in full, bringing the total proceeds raised by Clarivate to more than $1.4 billion. ¶ 10.

Throughout the Class Period, including in the offering materials for the Preferred Shares Offering which incorporated by reference certain of the Company's financial reports filed with the SEC, Clarivate consistently published statements assuring investors that its financial statements were accurate and that its ICFR and DCP were effective. ¶¶ 4-5, 7-9, 57-79.

These statements were materially false and misleading. In truth: (i) Clarivate's financial statements issued during the Class Period violated GAAP; (ii) the Company's DCP and ICFR were not effective and contained a material weakness; and (iii) the foregoing material weakness was not limited to how the Company accounted for warrants. ¶ 11.

On December 27, 2021, Clarivate announced that it would again restate its financial statements for the year ended December 31, 2020, as well as for 1Q, 2Q, and 3Q 2021. The Company admitted that those financial statements were false and misleading because it incorrectly recorded as part of the acquisition accounting for the CPA Global transaction roughly $185 million in equity awards that CPA Global made under its equity plan. ¶ 12. Clarivate also acknowledged that it expected to report a material weakness in its ICFR and DCP, and that it would restate a range of GAAP financial metrics. ¶ 13. Also on December 27, 2021, *StreetInsider.com* published an article reporting that a "Stifel analyst . . . lowered the price target on Clarivate . . . to $29.00

(from $32.00)" following the Company's disclosure that "it discovered an accounting error related to equity awards that CPA Global had issued under its equity plan." ¶ 14.

On this news, the price of Clarivate common stock fell $0.16 per share, or 0.65%, from $24.74 per share on December 23, 2021 to $24.58 per share at the close of trading on December 27, 2021. As the market continued to digest the forthcoming restatement, the price of Clarivate common stock fell an additional $1.70, or 6.92%, from $24.58 per share on December 27, 2021 to $22.88 per share at the close of trading on December 28, 2021. ¶ 15. Likewise, the price of Clarivate preferred stock closed at $93.66 per share on December 27, 2021, a drop of $6.44 from its offering price of $100. Clarivate preferred stock then closed at $88.44 per share on December 28, 2021. ¶ 16.

On February 3, 2022, Clarivate announced that it had completed its restatement, admitted that it suffered from a material weakness in ICFR and DCP in 2020 and the first three quarters of 2021, and identified how the misstatements impacted the Company's prior period financial statements. With respect to 2020, Clarivate restated certain financial metrics including that the Company's income from operations of $2.8 million evaporated and swung to a significant loss of $36 million. ¶ 17. Clarivate's restatements of its 1Q, 2Q, and 3Q 2021 financial results were even more significant. For example, the Company's loss from operations increased by over 103% in 1Q 21, and nearly 343% in 2Q 21. ¶ 18. Clarivate also told investors that the restatement will cause "[n]et income for the full year of 2021 [to] be significantly below guidance." ¶ 19.

On this news, the price of Clarivate common stock fell $2.90 per share, or 16.4%, from $17.71 per share on February 2, 2022 to $14.81 per share at the close of trading on February 3, 2022. ¶ 20. Likewise, the price of Clarivate preferred stock closed at $63.00 per share on February 3, 2022. ¶21.

5

# ARGUMENT

### A.   ATRS Should Be Appointed Lead Plaintiff

ATRS respectfully submits that the Court should appoint it Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. §§ 78u-4(a)(3)(B)(i), 77z-1(a)(3)(B)(i). When selecting a Lead Plaintiff, the PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(I), 77z-1(a)(3)(B)(iii)(I); *see also Chilton v. Chiumento Grp.*, 365 F. App'x 298, 299 (2d Cir. 2010) (discussing qualifications for Lead Plaintiff presumption). Here, ATRS believes that it is the presumptively "most adequate plaintiff" because it: (1) complied with the PSLRA's procedural requirements; (2) believes it asserts the largest financial interest in the relief sought by the Class; and (3) satisfies Rule 23's typicality and adequacy requirements.

#### 1.   ATRS Satisfied The PSLRA's Procedural Requirements

Under the PSLRA, any class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. §§ 78u-4(a)(3)(A), 77z-1(a)(3)(A). On January 24, 2022, Plaintiff Kevin Parot filed the first of the Related Actions and alleged that Defendants defrauded investors in violation of the Exchange Act during the period of February 26, 2021 to December 27, 2021. *See Parot* ECF No. 1 at ¶1. On the same day, counsel for Mr. Parot published a notice on *GlobeNewswire*, which alerted investors to the pendency of the action and set the deadline to seek Lead Plaintiff status by March 25, 2022. *See* Bleichmar Decl. Ex. B.

On March 11, 2022, ATRS filed a substantially similar action against Clarivate which asserts a broader Class Period of February 26, 2021 to February 2, 2022, and included additional claims under Sections 11, 12(a)(2), and 15 of the Securities Act related to Clarivate's Preferred

6

Shares Offering. *See Arkansas Teacher* ECF No. 1 at ¶1. On the same day, ATRS's counsel, BFA published a notice on *Accesswire* alerting investors to the expanded Class Period and the additional claims, and reminding them of the March 25, 2022 deadline. *See* Bleichmar Decl. Ex. C.

Also on March 11, 2021, Plaintiff Boynton Beach Firefighters' Pension Fund ("Boynton Beach") filed a substantially similar action against Clarivate which further expanded the Class Period to November 10, 2020 to February 2, 2022, but does not include the Securities Act claims pleaded by ATRS. *See Boynton Beach* ECF No. 1 at ¶1. On the same day, counsel for Boynton Beach published a notice on *Business Wire* alerting investors to the expanded Class Period and reminding them of the March 25, 2022 deadline. *See* Bleichmar Decl. Ex. D. Accordingly, ATRS satisfies the PSLRA's 60-day requirement through the filing of this motion.

### 2. ATRS Believes That It Has The Largest Financial Interest In The Relief Sought By The Class

ATRS believes that it has the "largest financial interest in the relief sought by the Class." *See* 15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(I)(bb), 77z-1(a)(3)(B)(iii)(I)(bb). ATRS suffered losses of $2,815,130.57 as calculated pursuant to Section 11 on its purchases of Clarivate preferred stock pursuant and/or traceable to the Preferred Shares Offering.

Additionally, ATRS incurred a recoverable loss of $2,683,508.40/$2,694,982.40 (FIFO/LIFO) on its investments in Clarivate securities during the Class Period as assessed under the Supreme Court's ruling in *Dura* for claims arising under the Exchange Act.[4] "Though *Dura* concerned a motion to dismiss a securities class action, courts [in this District] nonetheless apply *Dura* when considering the financial interest for the purposes of appointing a lead plaintiff." *City of Sunrise Firefighter's Pension Fund v. Citigroup Inc.*, 20-cv-9132 (AJN), 2021 WL 396343, at

---

[4] ATRS's PSLRA-required Certification is attached as Exhibit A to the Bleichmar Decl. submitted herewith. A chart setting forth calculations of ATRS's financial interest is attached as Exhibit E to the Bleichmar Decl.

\*3 (S.D.N.Y. Feb. 4, 2021) (collecting cases). This is because "courts should consider only those losses that will actually be recoverable in the class action . . . and make determinations of largest financial interest only based on the facts alleged in the complaint." *Id.* (quotations omitted).

Courts may also consider the "last-in, first-out" or "LIFO" method to determine the movant with the largest financial interest for claims arising under the Exchange Act, while a small minority consider the "first-in, first-out" or "FIFO" method. *See Sallustro v. CannaVest Corp.*, 93 F. Supp. 3d 265, 270 & n.5 (S.D.N.Y. 2015). Under the LIFO methodology that does not consider loss causation as required by *Dura*, ATRS incurred a loss of $2,779,311.80 and under the FIFO methodology ATRS incurred a loss of $2,778,088.95.[5]

To the best of ATRS's knowledge, there is no other applicant seeking Lead Plaintiff appointment that has a larger financial interest in this litigation. Accordingly, ATRS believes that it has the largest financial interest of any qualified movant seeking Lead Plaintiff status and is the presumptive "most adequate plaintiff." 15 U.S.C. §§ 78u-4(a)(3)(B)(iii), 77z-1(a)(3)(B)(iii).

### 3. ATRS Satisfies The Relevant Requirements Of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, ATRS satisfies the requirements of Rule 23. *See* 15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(I)(cc), 77z-1(a)(3)(B)(iii). On a motion to serve as Lead Plaintiff, the movant must make only "a preliminary showing" that the movant satisfies the adequacy and typicality requirements of Rule 23(a).

---

[5] In addition to losses, courts often consider other metrics, often referred to as "*Lax-Olsten* factors," to further analyze a movant's financial interest when warranted. *See Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at \*5 (N.D. Ill. Aug. 11, 1997) (identifying: (1) total number of shares purchased; (2) number of net shares purchased; (3) total net funds expended; and (4) approximate losses suffered, as four factors for courts to consider when determining the largest financial interest); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998) (same). ATRS's PSLRA certification and financial interest calculation provide all the trading information necessary to calculate its financial interest under all possible metrics, and ATRS does not presuppose that there is only one valid methodology.

8

*Murphy v. JBS S.A.*, 17-CV-3084, 2017 WL 4480751, at *5 (E.D.N.Y. Oct. 6, 2017). Here, ATRS satisfies both requirements.

ATRS's claims are typical of the claims of other purchasers of Clarivate securities. Typicality is satisfied "where . . . the claims of the representative plaintiffs arise from the same course of conduct that gives rise to the claims of the other class members, where the claims are based on the same legal theory, and where the class members have allegedly been injured by the same course of conduct as that which allegedly injured the proposed representatives." *Id.* at *5. Here, ATRS's and all other class members' claims arise from the same course of events and their legal arguments to prove Defendants' liability are substantially similar. Like all other class members, ATRS: (1) purchased or otherwise acquired Clarivate securities during the Class Period, including pursuant and/or traceable to the Preferred Shares Offering, (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions, and (3) was damaged as a result. *Stitt v. On Deck Capital, Inc.*, No. 15 Civ.6126 (AT), 2016 WL 889535, at *2-3 (S.D.N.Y. Feb. 17, 2016) (typicality satisfied where movant "claims that [defendant] issued false and misleading statements that caused the company's shares to trade at an inflated price [and] claims arise from the same course of conduct affecting each member of the proposed class"). As such, ATRS is typical of the class it seeks to represent.

ATRS likewise satisfies the adequacy requirement of Rule 23. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). A Lead Plaintiff must not have interests that are antagonistic to the class the movant seeks to represent, must have a sufficient interest in the outcome of the case to ensure vigorous advocacy, and must retain counsel that is capable and qualified to vigorously represent the interests of the Class. *See JBS*, 2017 WL 4480751, at *5. ATRS satisfies these elements because it has a

9

substantial financial stake in the litigation which provides the ability and incentive to vigorously represent the Class' claims. ATRS's interests are aligned with those of the other class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between ATRS and other class members. Further, ATRS has significant experience serving in a fiduciary capacity in supervising the work of outside counsel and is a sophisticated institutional investor that can commit substantial resources to this litigation.

Indeed, ATRS—which provides retirement benefits to thousands of current and former employees of the Arkansas education community and manages approximately $21 billion in assets—is precisely the type of large and sophisticated institutional investor that Congress encouraged to act as Lead Plaintiff in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 733 (1995) ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions").

ATRS has further demonstrated its adequacy through its service as Lead Plaintiff and a class representative in prior securities class actions, recovering more than $1.5 billion for investors, including a $473 million recovery in *In re Schering-Plough Corp / Enhance Sec. Litig.*, 2:08-cv-00397 (D.N.J.), a $311 million recovery in *In re Williams Sec. Litig.*, 4:02-cv-00072 (N.D. Okla.), and a $150 million recovery in *In re JPMorgan Chase & Co. Sec. Litig.*, 1:12-cv-03852 (S.D.N.Y.).

ATRS has also demonstrated its adequacy through its "willingness to vigorously pursue its claims" and the significant steps it has taken to protect and advance the interests of the Class, specifically the filing of *Arkansas Teacher*, which expanded the Class Period and alleged new

10

claims for violations of Sections 11, 12(a)(2) and 15 of the Securities Act. *Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*, No. CV-09-3007 (SJF) (AKT), 2010 WL 3909331, at *2 (E.D.N.Y. Sept. 29, 2010) (adopting Magistrate Report and Recommendation, *Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*, 2010 WL 3924862, at *6 (E.D.N.Y. Aug. 17, 2010)).

Finally, ATRS has demonstrated its adequacy through its selection of BFA as Lead Counsel to represent the Class in this action. As discussed more fully below, BFA is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated an ability to conduct complex securities class action litigation effectively.

**B.      ATRS Selected Well-Qualified Counsel To Represent The Class**

Under the PSLRA, the Lead Plaintiff is given the right, "subject to the approval of the court," to "select and retain counsel to represent the class." 15 U.S.C. §§ 78u-4(a)(3)(B)(v), 77z-1(a)(3)(B)(v). While "the Court maintains discretion in appointing lead counsel to protect the interest of the class, the [PSLRA] evidences a strong presumption in favor of properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." *JBS*, 2017 WL 4480751, at *8. Here, ATRS selected BFA to serve as Lead Counsel for the Class.

BFA is among the foremost securities class action law firms in the country. BFA's partners have served as Lead and Co-Lead counsel on behalf of dozens of institutional investors and have secured significant recoveries on behalf of investors in some of the most prominent fraud cases in recent decades. *See* Bleichmar Decl., Ex. F (BFA firm resume). The firm's recent matters include a $129 million resolution on behalf of investors in *The Police Retirement System of St. Louis v. Granite Construction Inc.*, 19-cv-04744 (N.D. Cal.), a $234 million resolution for the benefit of the class in *In re MF Global Holdings Sec. Litig.*, 11-cv-07866 (S.D.N.Y.), and a $120 million

11

recovery in *Freedman v. Weatherford Int'l, Ltd.*, 12-cv-02121 (S.D.N.Y.). BFA also secured a $219 million resolution in *In re Genworth Fin. Inc. Sec. Litig.*, 14-cv-00682 (E.D. Va.), which represents the largest securities class action recovery ever achieved in the Eastern District of Virginia.

Most recently, BFA achieved a $420 million resolution on behalf of investors in *Ontario Teachers' Pension Plan Board v. Teva Pharms. Indus. Ltd.*, 17-cv-00558 (D. Conn.), which is pending final court approval. Currently, BFA is serving as Lead Counsel in *In re Citigroup Sec. Litig.*, 20-cv-09132 (S.D.N.Y.). Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve ATRS's selection of BFA as Lead Counsel for the Class.

**C.   Consolidation Of All Related Actions Is Warranted**

There are at least three Related Actions pending in this District against Defendants:

| Case | Civil No. | Date Filed |
|---|---|---|
| *Parot v. Clarivate Plc* | 1:22-cv-00394 | January 24, 2022 |
| *Boynton Beach Firefighters' Pension Fund v. Clarivate Plc* | 1:22-cv-01371 | March 11, 2022 |
| *Arkansas Teacher Retirement System v. Clarivate Plc* | 1:22-cv-01372 | March 11, 2022 |

These actions present substantially similar factual and legal issues because they allege claims relating to substantially similar periods of time and are premised on similar types of misstatements, including that Clarivate's financial statements violated GAAP and that the Company maintained defective internal controls. Rule 42(a) grants broad discretion to consolidate cases that involve common questions of law or fact, as here. *See Taylor v. Barnes & Noble, Inc.*, 14-CV-108 (KMW) (FM), 2014 WL 12769396, at *2-4 (S.D.N.Y. July 16, 2014). While the cases assert different class periods, and *Arkansas Teacher* asserts additional claims and defendants, these differences do not render consolidation inappropriate because such "differences do not outweigh

the interests of judicial economy served by consolidation." *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007).

## CONCLUSION

For the reasons discussed above, ATRS respectfully requests that the Court: (1) appoint it to serve as Lead Plaintiff; (2) approve its selection of BFA as Lead Counsel for the Class; (3) consolidate all related actions pursuant to Rule 42(a); and (4) grant any such further relief as the Court may deem just and proper.

Dated: March 25, 2022	Respectfully Submitted,

**BLEICHMAR FONTI & AULD LLP**

*/s/ Javier Bleichmar*
Javier Bleichmar
Erin Woods
Ross Shikowitz
7 Times Square, 27th Floor
New York, New York 10036
Telephone: (212) 789-1340
Facsimile: (212) 205-3960
jbleichmar@bfalaw.com
ewoods@bfalaw.com
rshikowitz@bfalaw.com

*Counsel for Proposed Lead Plaintiff Arkansas Teacher Retirement System and Proposed Lead Counsel for the Class*

13