UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN PAROT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CLARIVATE PLC, JERRE STEAD, and RICHARD HANKS,<br><br>Defendants. | Civil Action No. 1:22-cv-00394-ARR-RLM<br><br>CLASS ACTION |
| BOYNTON BEACH FIREFIGHTERS' PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CLARIVATE PLC, JERRE STEAD, and RICHARD HANKS,<br><br>Defendants. | Civil Action No. 1:22-cv-01371-CBA-RER<br><br>CLASS ACTION |

[Caption continued on following page.]

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff(s),<br><br>vs.<br><br>CLARIVATE PLC, JERRE STEAD, and RICHARD HANKS, SHERYL VON BLUCHER, KOSTY GILLIS, BALAKRISHNAN S. IYER, NICHOLAS MACKSEY, ANTHONY MUNK, JANE OKUN BOMBA, CHARLES J. NERAL, RICHARD W. ROEDEL, CHRISTINE ARCHBOLD, CITIGROUP GLOBAL MARKETS INC., BOFA SECURITIES, INC., RBC CAPITAL MARKETS, LLC, BARCLAYS CAPITAL, INC., HSBC SECURITIES (USA) INC., J.P. MORGAN SECURITIES LLC, and PRICEWATERHOUSECOOPERS LLP,<br><br>Defendant(s). | Civil Action No. 1:22-cv-01372-RPK-MMH<br><br>CLASS ACTION |

## TABLE OF CONTENTS

Page

I. INTRODUCTION ....... 1

II. FACTUAL BACKGROUND ....... 2

III. ARGUMENT ....... 4

A. This Court Should Consolidate the Related Actions ....... 4

B. The Pension Trust Fund Should Be Appointed Lead Plaintiff ....... 5

1. The Pension Trust Fund's Motion Is Timely ....... 5

2. The Pension Trust Fund Possesses a Significant Financial Interest ....... 6

3. The Pension Trust Fund Otherwise Satisfies Rule 23 ....... 6

C. The Pension Trust Fund's Selection of Counsel Should Be Approved ....... 8

IV. CONCLUSION ....... 10

## TABLE OF AUTHORITIES

**Page**

**CASES**

*City of Monroe Emps' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, 269 F.R.D. 291 (S.D.N.Y. 2010) ....... 8

*HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.) ....... 9

*In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, ECF No. 1316 (S.D.N.Y. Jan. 21, 2020) ....... 9

*In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ....... 10

*In re Cendant Corp. Litig.*, 264 F.3d 201 (3d Cir. 2001) ....... 8

*In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398 (S.D.N.Y. 2006) ....... 4

*In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ....... 10

*In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ....... 10

*In re OSI Pharm., Inc. Sec. Litig.*, 2005 WL 6171305 (E.D.N.Y. Sept. 21, 2005) ....... 6

*In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ....... 10

*In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ....... 10

*In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.) ....... 9

*Lawrence E. Jaffe Pension Fund v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ....... 10

*NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 1:08-cv-10783 (S.D.N.Y. May 2, 2016) ....... 9

**Page**

*Peralta v. Graña y Montero S.A.A.*,
No. 2:17-cv-01105-JMA-ARL (E.D.N.Y. Mar. 5, 2018) ........ 8

*Rauch v. Vale S.A.*,
378 F. Supp. 3d 198 (E.D.N.Y. 2019) ........ 4

*Smilovits v. First Solar, Inc.*,
No. 2:12-cv-00555-DGC (D. Ariz.) ........ 9

*Teamsters Local Union No. 727 Pension Fund v. Vanda Pharm. Inc.*,
2019 WL 7287202 (E.D.N.Y. May 24, 2019) ........ 7, 9

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
§78u-4(a)(1) ........ 5
§78u-4(a)(3)(A)(i) ........ 5
§78u-4(a)(3)(B)(i) ........ 1, 5
§78u-4(a)(3)(B)(ii) ........ 1, 4
§78u-4(a)(3)(B)(iii) ........ 1, 5
§78u-4(a)(3)(B)(iii)(I)(cc) ........ 6
§78u-4(a)(3)(B)(v) ........ 2, 8

Federal Rules of Civil Procedure
Rule 23 ........ 5, 6, 8
Rule 42(a) ........ 1, 4



4873-2149-7624.v1

## I. INTRODUCTION

Presently pending in this District are three related cases asserting claims pursuant to the Securities Act of 1933 ("1933 Act") and/or the Securities Exchange Act of 1934 ("1934 Act") on behalf of purchasers of Clarivate plc securities between November 10, 2020 and February 2, 2022, inclusive ("Class Period").[1] Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court must decide whether to consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).[2] As discussed herein, the Related Actions should be consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure because they involve very similar legal and factual issues and will involve the same discovery.

Additionally, the PSLRA states that the Court "shall appoint the most adequate plaintiff as lead plaintiff." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). The Pension Trust Fund for Operating Engineers (the "Pension Trust Fund") respectfully submits that it is the presumptively most adequate plaintiff in this case because it has filed a timely motion in response to a notice, has the largest financial interest in the outcome of this litigation, and will typically and adequately represent the putative class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, the Pension

---

[1] The related actions are *Parot v. Clarivate plc*, No. 1:22-cv-00394-ARR-RLM (filed Jan. 24, 2022), *Boynton Beach Firefighters' Pension Fund v. Clarivate plc*, No. 1:22-cv-01371-CBA-RER (filed Mar. 11, 2022), and *Ark. Teacher Ret. Sys. v. Clarivate plc*, No. 1:22-cv-01372-RPK-MMH (filed Mar. 11, 2022) (collectively, the "Related Actions").

[2] For ease of reference, the Pension Trust Fund only cites to the relevant sections in the 1934 Act, which are identical in substance to those of the 1933 Act.

Trust Fund's selection of Robbins Geller Rudman & Dowd LLP as lead counsel for the putative class is reasonable and should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II. FACTUAL BACKGROUND

Clarivate is an information services and analytics company. Clarivate became a publicly-traded company through a merger with Churchill Capital Corp, a special purpose acquisition company (or SPAC). By way of background, SPACs are often referred to as "blank check companies" because they have no business or operations at the time of formation. Instead, SPAC sponsors use proceeds from public offerings for the purpose of effecting a merger, capital stock exchange, asset acquisition, stock purchase, reorganization, or similar business combination with one or more businesses. Clarivate's ordinary and preferred shares trade on the New York Stock Exchange under the tickers CLVT and CLVT-PA.

On October 1, 2020, Clarivate acquired 100% of the assets, liabilities, and equity interests of CPA Global, an intellectual property software and tech-enabled services company. As part of the CPA Global acquisition, Clarivate assumed an equity compensation plan that covered a broad group of CPA Global employees.

The complaints allege that, throughout the Class Period, Clarivate repeatedly assured investors that the Company's financial statements were true and accurate in all material respects and that its internal controls and procedures over financial reporting – including how the Company accounted for warrants and for the equity plan included in the CPA Global acquisition – were effective, while simultaneously issuing positive financial guidance.

On December 27, 2021, Clarivate disclosed in a filing with the U.S. Securities and Exchange Commission that its financial statements for the year ended December 31, 2020, and the quarterly periods ended March 31, June 30, and September 30, 2021 "should no longer be relied upon because

of an error in such financial statements." *Parot*, ECF No. 1 at ¶5; *Boynton Beach*, ECF No. 1 at ¶44; *Ark. Teacher*, ECF No. 1 at ¶82. Specifically, Clarivate reported that "[t]he error relates to the treatment under U.S. generally accepted accounting principles ('GAAP') relating to an equity plan included in the CPA Global business combination which was consummated on October 1, 2020" and that "[i]n the affected financial statements, certain awards made by CPA Global under its equity plan were incorrectly included as part of the acquisition accounting for the CPA Global Transaction." *Id.*

Also on December 27, 2021, *StreetInsider.com* published an article on Clarivate which reported that "Stifel analyst Shlomo Rosenbaum lowered the price target on Clarivate . . . to $29.00 (from $32.00)." *Parot*, ECF No. 1 at ¶6; *Boynton Beach*, ECF No. 1 at ¶45; *Ark. Teacher*, ECF No. 1 at ¶83. The Stifel analyst also noted the suspicious timing of the Company's announcement of its improper accounting in connection with the CPA Global Transaction, which came less than one month after Clarivate's prior CFO suddenly resigned, and determined that the Company's accounting improprieties are likely to impact Clarivate's previously reported earnings and cash flow. On this news, the price of Clarivate securities suffered declines over multiple trading sessions.

The *Boynton Beach* and *Arkansas Teacher* Actions further allege that on February 3, 2022, Clarivate revealed the extent and impact of the restatements. In particular, the Company filed amendments to its annual report for the year ended December 31, 2020, and its reports for the quarters ended March 31, June 30, and September 30, 2021, revealing significant decreases in previously reported income from operations, net income, and earnings per share. Clarivate also revealed that its net income for 2021 "will be significantly below" its previously issued guidance due to the impact of the financial restatements. *Boynton Beach*, ECF No. 1 at ¶47; *Ark. Teacher*, ECF No. 1 at ¶86. Moreover, Clarivate admitted that "material weaknesses in internal control over

financial reporting existed as of December 31, 2020." *Boynton Beach*, ECF No. 1 at ¶47. On this news, the price of Clarivate securities suffered significant declines.

As a result of defendants' wrongful acts and omissions, and the decline in the market value of Clarivate's securities, the Pension Trust Fund and other class members have suffered significant losses and damages.

## III. ARGUMENT

### A. This Court Should Consolidate the Related Actions

The PSLRA requires the Court to consolidate the Related Actions before appointing a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Consolidation pursuant to Rule 42(a) is proper when actions involve common legal and factual questions. Fed. R. Civ. P. 42(a).

The Related Actions present nearly identical factual and legal issues, alleging overlapping violations of the federal securities laws against common defendants in similar class periods.[3] The Related Actions are based on the same underlying facts and involve largely the same legal issues. As such, the same discovery will pertain to all three actions. Indeed, the *Boynton Beach* and

---

[3] The *Parot* Action alleges violations of the 1934 Act in a class period between February 26, 2021 and December 27, 2021. The *Boynton Beach* Action brings the same 1934 Act claims against the same defendants as in the *Parot* Action, but in the period between November 10, 2020 and February 2, 2022. The *Arkansas Teacher* Action alleges the same violations of the 1934 Act by the same defendants as in *Parot* and *Boynton Beach*, but in a class period between February 26, 2021 and February 2, 2022. The *Arkansas Teacher* Action also alleges 1933 Act claims against additional defendants including Clarivate's Board of Directors, Chief Accounting Officer, outside auditor, and underwriters. These modest differences in class periods and class definitions will be reconciled by the lead plaintiff upon the filing of a consolidated complaint. For purposes of this motion, and a determination of the "largest financial interest in the relief sought by the class," the Pension Trust Fund uses the most inclusive class period of the Related Actions. *See, e.g.*, *Rauch v. Vale S.A.*, 378 F. Supp. 3d 198, 208 n.11 (E.D.N.Y. 2019) ("For the purposes of appointing lead plaintiff in cases involving two potential class periods, courts use the longer class period in the analysis"); *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 402 (S.D.N.Y. 2006) (finding that "the use of the longer, most inclusive class period . . . is proper, as it encompasses more potential class members").

*Arkansas Teacher* Civil Cover Sheets indicated that each case was related to *Parot*. *See Boynton Beach*, ECF No. 1-1; *Ark. Teacher*, ECF No. 1-1. Thus, consolidation is appropriate here.

**B. The Pension Trust Fund Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). The Pension Trust Fund meets each of these requirements and should therefore be appointed Lead Plaintiff.

**1. The Pension Trust Fund's Motion Is Timely**

On January 24, 2022, the statutory notice of the first-filed *Parot* Action was published on *Globe Newswire*, which advised class members of the pendency of the action, the alleged claims, the class definition, and the option of moving the Court to be appointed as lead plaintiff no later than March 25, 2022. *See* Declaration of David A. Rosenfeld in Support of Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel ("Rosenfeld Decl."), Ex. A. Notice was also published of the later-filed *Boynton Beach*

Action, which notified investors of the expanded Class Period, and stated that "[t]he filing of this action does not alter the previously established deadline to seek appointment as Lead Plaintiff."[4]

Because the Pension Trust Fund's motion was timely filed by the statutory deadline, it is eligible for appointment as lead plaintiff.

**2. The Pension Trust Fund Possesses a Significant Financial Interest**

As indicated in its Certification and loss chart, the Pension Trust purchased 375,918 shares of Clarivate securities during the Class Period and suffered over $4 million in recoverable losses under the last in, first out accounting methodology as a result of defendants' alleged wrongdoing. *See* Rosenfeld Decl., Exs. B, C.[5] To the best of its counsel's knowledge, there are no other plaintiffs with a larger financial interest.

**3. The Pension Trust Fund Otherwise Satisfies Rule 23**

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Typicality and adequacy of representation are the only provisions of Rule 23 relevant to the determination of lead

---

4 https://www.businesswire.com/news/home/20220311005474/en/Shareholder-Alert-Bernstein-Litowitz-Berger-Grossmann-LLP-Announces-the-Filing-of-Securities-Class-Action-Lawsuit-Against-Clarivate-Plc-Expanding-the-Class-Period.

5 As a sophisticated institution with experience serving as a lead plaintiff in securities cases, the Pension Trust Fund is well aware that as lead plaintiff, it would be empowered to control the management of the litigation as a whole and that it would owe a duty to adequately represent all class members and to explore the viability of asserting all possible claims, including the claims asserted in the *Arkansas Teacher* action on behalf of purchasers of preferred shares. To that end, the Pension Trust Fund has already arranged to have an institutional investor that purchased preferred shares during the Class Period and suffered losses in connection therewith included as an additional representative in the event the Pension Trust Fund is appointed lead plaintiff. *See generally In re OSI Pharm., Inc. Sec. Litig.*, 2005 WL 6171305, at *6 (E.D.N.Y. Sept. 21, 2005) ("'Lead Plaintiffs have a responsibility to identify and include named plaintiffs who have standing to represent the various potential subclasses of plaintiff who may be determined, at the class certification stage, to have distinct interests or claims.'") (citation omitted).

plaintiff under the PSLRA. *See, e.g.*, *Teamsters Local Union No. 727 Pension Fund v. Vanda Pharm. Inc.*, 2019 WL 7287202, at *4 (E.D.N.Y. May 24, 2019). "The typicality requirement is satisfied 'where the claims arise from the same course of events and each class member makes similar legal arguments to prove defendant's liability.'" *Id.* (citation omitted). "The adequacy requirement is satisfied where 'class counsel is qualified, experienced, and generally able to conduct the litigation; . . . the proposed lead plaintiff has interests that are not antagonistic to other class members; and . . . the proposed lead plaintiff and the class possess sufficient interest to pursue vigorous prosecution of their claims.'" *Id.* (citation omitted).

Here, as the Pension Trust Fund's Certification and loss chart evidence, the Pension Trust Fund purchased Clarivate securities during the Class Period and suffered harm when defendants' alleged misconduct was revealed. *See* Rosenfeld Decl., Exs. B, C. In addition, the Pension Trust Fund's interests are aligned with the interests of the putative class and there is no evidence of any antagonism between the Pension Trust Fund's interests and the class's interests. Further, the Pension Trust Fund's sizable loss provides the requisite interest to ensure vigorous advocacy. And, as shown below, the Pension Trust Fund has retained competent and experienced counsel to prosecute these claims.

The Pension Trust Fund is a multiemployer defined benefit pension plan established in 1959 for the purpose of providing pension and death benefits to eligible participants and beneficiary. The Pension Trust Fund has over $4 billion in assets overseen for the benefit of more than 43,000 participants. As a sophisticated institutional investor, the Pension Trust Fund is familiar with the requirements and responsibilities of being a lead plaintiff in a securities class action and is willing to undertake those responsibilities on behalf of the putative class in this case. *See* Rosenfeld Decl., Ex. B. Accordingly, the Pension Trust Fund is precisely the type of investor whose participation in

securities class actions Congress sought to encourage through the enactment of the PSLRA: "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members." *In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001); *see City of Monroe Emps' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, 269 F.R.D. 291, 294 (S.D.N.Y. 2010) ("The drafters of the PSLRA sought to reduce the influence of lawyers on class action securities suits by weighting the determination of lead plaintiff in favor of large institutional investors.").

The Pension Trust Fund's common interests shared with the class, substantial financial interest in the litigation, and selection of qualified counsel (discussed below) confirm its satisfaction of the Rule 23 requirements.

### C. The Pension Trust Fund's Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Pension Trust Fund has selected Robbins Geller to serve as lead counsel in this case.[6]

Robbins Geller, a 200-attorney nationwide law firm with offices in New York, regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *Peralta*

---

[6] For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com. An electronic or paper version of the Firm's resume is available upon the Court's request, if preferred.

*v. Graña y Montero S.A.A.*, No. 2:17-cv-01105-JMA-ARL, ECF No. 16 (E.D.N.Y. Mar. 5, 2018) (appointing Robbins Geller as co-lead counsel in securities case); *Vanda*, 2019 WL 7287202, at *4 (appointing Robbins Geller as lead counsel in securities case); *In re Am. Realty Capital Props., Inc. Litig*., No. 1:15-mc-00040-AKH, ECF No. 1316 at 55 (S.D.N.Y. Jan. 21, 2020) (Hellerstein, J.) (concerning Robbins Geller's role as sole lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller]. At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous."); *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 1:08-cv-10783, ECF No. 243 at 10-11 (S.D.N.Y. May 2, 2016) (Preska, J.) (concerning Robbins Geller's role as sole lead counsel in recovering $272 million for the class of MBS purchasers, stating: "Counsel, thank you for your papers. They were, by the way, extraordinary papers in support of the settlement," and acknowledging "plaintiffs' counsel's success in the Second Circuit essentially changing the law. I will also note what counsel have said, and that is that this case illustrates the proper functioning of the statute. . . . Counsel, you can all be proud of what you've done for your clients. You've done an extraordinarily good job.").

Notably, in 2020, Robbins Geller recovered more than $1.4 billion on behalf of investors as sole lead counsel in securities class action cases, including $1.02 billion in *Am. Realty* and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.). And, in 2021, Robbins Geller as sole lead counsel has secured final approval of a $1.21 billion recovery in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.). Robbins Geller attorneys have obtained the largest securities fraud class action recovery in the Fifth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v.*

*Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[7]

As such, the Pension Trust Fund's selection of Robbins Geller as lead counsel is reasonable and should be approved.

## IV. CONCLUSION

The Related Actions share common legal and factual questions and should be consolidated. In addition, the Pension Trust Fund has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, the Pension Trust Fund respectfully requests that the Court grant its motion.

DATED: March 25, 2022

Respectfully submitted,

ROBBINS GELLER RUDMAN
& DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD

*s/ David A. Rosenfeld*
DAVID A. ROSENFELD

---

[7] *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Fund v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
& DOWD LLP
DANIELLE S. MYERS
JENNIFER N. CARINGAL
MICHAEL ALBERT
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com
malbert@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on March 25, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

*s/ David A. Rosenfeld*
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
& DOWD LLP
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

Email: drosenfeld@rgrdlaw.com

# Mailing Information for a Case 1:22-cv-00394-ARR-RLM Parot v. Clarivate Plc et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **J. Alexander Hood**
  ahood@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com,ipareja@pomlaw.com
- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com,fgravenson@pomlaw.com
- **James Michael LoPiano**
  jlopiano@pomlaw.com
- **James Paul Rouhandeh**
  rouhande@dpw.com,ecf.ct.papers@davispolk.com
- **Daniel J. Schwartz**
  daniel.schwartz@davispolk.com,ecf.ct.papers@davispolk.com,zohaib.chida@davispolk.com
- **Brian Stryker Weinstein**
  brian.weinstein@davispolk.com,ecf.ct.papers@dpw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)