UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN PAROT, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff<br><br>vs.<br><br>CLARIVATE PLC, JERRE STEAD, RICHARD HANKS, CHRISTINE ARCHBOLD, MUKHTAR AHMED, JEFFREY ROY, STEEN LOMHOLT-THOMSEN, GORDON SAMSON, SHERYL VON BLUCHER, KOSTY GILIS, BALAKRISHNAN S. IYER, NICHOLAS MACKSEY, ANTHONY MUNK, JANE OKUN BOMBA, CHARLES J. NERAL, RICHARD W. ROEDEL, VALERIA ALBEROLA, USAMA N. CORTAS, ADAM T. LEVYN, ROXANE WHITE, PRICEWATERHOUSECOOPERS LLP, CITIGROUP GLOBAL MARKETS INC, ONEX CORPORATION, and BARING PRIVATE EQUITY ASIA GROUP LIMITED,<br><br>                Defendants. | Civil Action No. 1:22-cv-00394-ENV-RLM<br><br>(Consolidated with Case Nos: 1:22-cv-01371-ENV-RLM and 1:22-cv-01372-ENV-RLM)<br><br>**CLASS ACTION**<br><br>**DATE OF SERVICE:** October 7, 2022 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT PRICEWATERHOUSECOOPERS LLP'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................. 1

FACTUAL BACKGROUND .......................................................................................................... 2

LEGAL STANDARD ...................................................................................................................... 5

ARGUMENT ................................................................................................................................... 6

    A.    The Statements In PwC's Audit Reports Are Statements of Opinion ............................ 7

    B.    Plaintiffs Fail To Allege—And In Fact Disavow—Subjective Falsity. ......................... 9

    C.    Plaintiffs Fail To Allege A Material Omission Of Fact. ................................................ 12

CONCLUSION ............................................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re AmTrust Fin. Servs., Inc. Sec. Litig.*,
  17-CV 1545 (LAK), 2019 WL 4257110 (S.D.N.Y. Sept. 9, 2019) ...................................8, 12

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .............................................................................................................5

*Buttonwood Tree Value Partners, LP v. Sweeney*,
  No. 10-000537-CJC, 2012 WL 2086607 (C.D. Cal. June 7, 2012) .........................................10

*Chambers v. Time Warner, Inc.*,
  282 F.3d 147 (2d Cir. 2002) .................................................................................................4

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*,
  856 F.3d 605 (9th Cir. 2017) ................................................................................................7

*E.E.O.C. v. Port Auth. of N.Y. and N.J.*,
  768 F.3d 247 (2d Cir. 2014) .................................................................................................5

*Hunt v. Bloom Energy Corp.*,
  19-cv-02935-HSG, 2021 WL 4461171 (N.D. Cal. Sept. 29, 2021) ................................6, 8, 10

*IBEW Local Union No. 58 Pension Tr. Fund and Annuity Fund v. Royal Bank of
  Scot. Grp., PLC*,
  783 F.3d 383 (2d Cir. 2015) .................................................................................................5

*Jaroslawicz v. M&T Bank Corp.*,
  962 F.3d 701 (3d Cir. 2020) .................................................................................................7

*Johnson v. CBD Energy Ltd.*,
  No. 4:15-cv-01668 (GHM), 2016 WL 3654657 (S.D. Tex. Jul. 6, 2016) .................6, 8, 10, 11

*Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*,
  575 U.S. 175 (2015) ..................................................................................................... *passim*

*Querub v. Hong Kong*,
  649 F. App'x 55 (2d Cir. 2016) ..................................................................................... *passim*

*Se. Pa. Transp. Auth. v. Orrstown Fin. Servs., Inc.*,
  No. 1:12-cv-00993, 2015 WL 3833849 (M.D. Pa. June 22, 2015) ...................................10, 13

*Special Situations Fund III Qp, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd.*,
  645 Fed. App'x. 72 (2d Cir. 2016) ................................................................................6, 8, 10

*In re SunEdison, Inc. Sec. Litig.*,
    300 F. Supp. 3d 444 (S.D.N.Y. 2018)..........................................................................6, 8, 9, 10

*In re Velti PLC Sec. Litig.*,
    No. 13-cv-03889-WHO, 2015 WL 5736589 (N.D. Cal. Oct. 1, 2015) ..............................10, 11

Defendant PricewaterhouseCoopers LLP ("PwC" or the "Firm") respectfully submits this Memorandum of Law in support of its Motion to Dismiss the Consolidated Complaint for Violations of the Federal Securities Laws (the "Complaint"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**INTRODUCTION**

Plaintiffs plead themselves out of court on their single Section 11 claim against PwC. The nearly 200-page Complaint pleads virtually no facts regarding PwC and contains only three references to the Firm in total, all of them cursory. Plaintiffs merely introduce PwC as a party, note that PwC consented to the inclusion of its independent auditor's report in the relevant offering materials, and then, over 300 paragraphs later, re-summarize the same consents in the context of discussing the two registration statements at issue. *See* Dkt. 30, Consolidated Complaint ("Compl.") ¶¶ 44, 349, 353. The Complaint does not mention PwC's audit opinions, does not discuss PwC's audit procedures, and does not allege any facts at all regarding information known to PwC at the time of the offerings. Under well-settled Supreme Court and Second Circuit precedent, these threadbare allegations come nowhere close to alleging an actionable claim under Section 11 of the Securities Act.

Under *Omnicare, Inc. v. Laborers District Council Construction Industry Pension Fund*, to state a Section 11 claim against an auditor for its audit report, Plaintiffs were required to plead either that PwC did not "actually hold[]" its opinions at the time of the offerings or that PwC omitted material facts about its inquiry into or knowledge concerning the opinion that made the opinion misleading to a reasonable investor. *See* 575 U.S. 175, 176, 195 (2015); *Querub v. Hong Kong*, 649 F. App'x 55, 58 (2d Cir. 2016), *aff'g In re Puda Coal, Inc. Sec. Litig.*, 30 F. Supp. 3d 230 (S.D.N.Y. 2014).

1

While the Complaint alleges a litany of claims and allegations against Clarivate Plc ("Clarivate" or the "Company") and the Company's management, it conspicuously fails to mention the statements of opinion contained in PwC's audit report, much less allege that PwC did not "actually hold" those opinions at the time of the offerings. In fact, Plaintiffs concede that none of their Section 11 claims is based on fraud or intentional misconduct, and in so doing, expressly disclaim the theory that PwC did not subjectively believe its opinions. Furthermore, the Complaint fails to plead with the requisite particularity any omitted material facts regarding PwC's inquiry or knowledge, as *Omnicare* and its progeny require to sustain a claim under an omission theory of liability. *See* 575 U.S. at 194.

Plaintiffs' initial complaint in this matter did not include PwC as a defendant. And while they have now added the Firm as a defendant in the Consolidated Complaint, the scant allegations pertaining to PwC make clear that they did so as an afterthought. Plaintiffs' conclusory allegations fail to state a claim under Section 11 as a matter of law. Accordingly, the Court should dismiss the sole claim against PwC (Count III).

## FACTUAL BACKGROUND

Clarivate is an information services and analytics company that became publicly traded in 2019. Compl. ¶ 22. On June 19, 2020, Clarivate filed with the SEC the 2020 Shelf Registration Statement used for the June 2021 and September 2021 Offerings at issue in the Complaint. *Id.* ¶ 23. On July 1, 2021, Clarivate filed its 2021 Shelf Registration Statement used for the September 2021 Offering. *Id.*

Plaintiffs bring several claims against Clarivate and a number of its former officers, directors, and underwriters, including claims under Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5, and Sections 11, 12(a)(2), and 15 of the Securities Act. With regard to the Company and its officers specifically, Plaintiffs allege a sprawling scheme in which they claim

Clarivate failed to deliver on its promised "exponential revenue growth," yet convinced investors and the broader market that it had. Compl. ¶ 2. These allegations are based on disclosed changes to Clarivate's business model that, Plaintiffs allege, led to the Company missing its fourth-quarter growth targets in both 2020 and 2021. *See id.* ¶¶ 3–9.

In early 2022, Clarivate restated its prior financial results for year-end 2020 and the first three quarters of 2021. Compl. ¶¶ 7, 191–192. The Restatement focused on Clarivate's accounting for an equity plan the Company included in a business combination it consummated in October 2020. *Id.* ¶ 192. Specifically, the Company determined that it should have recognized the majority of the expenses associated with the equity plan as share-based compensation charges, rather than as acquisition-related charges. Plaintiffs allege that, in issuing this restatement, "Clarivate admitted that it had materially understated its previously reported expenses by more than $120 million and materially overstated net income and earnings-per-share . . . during these periods. Clarivate also admitted that it had material weaknesses in its internal controls and disclosure procedures[.]" *Id.* ¶ 7 (emphasis omitted).

Plaintiffs did not name PwC as a defendant in their initial Class Action Complaint (*see* Dkt. 1) and the Consolidated Complaint includes PwC as little more than an afterthought. Across more than 180 pages, the Complaint mentions PwC in only three paragraphs. Plaintiffs allege only that PwC served as Clarivate's outside auditor since 2016, "certified" the 2020 financial statements, and consented to the incorporation by reference of its audit report into the 2020 and 2021 Shelf Registration Statements. Compl. ¶¶ 44, 349, 353. Plaintiffs further allege that "PwC also consented to the reference to them as 'Experts'" in the 2020 and 2021 Shelf Registration Statements. *Id.* ¶¶ 349, 353. These allegations conspicuously fail to say anything concerning

3

PwC's inquiry, knowledge, or basis for its opinions. *See id.* The only claim against PwC is for purported violation of Section 11 of the Securities Act, 15 U.S.C. § 77k.

PwC's consent to include its auditor's report on Clarivate's year-end 2020 financial statements forms the sole basis for Plaintiffs' claim against the Firm. Remarkably, however, the Complaint does not quote or mention any of the statements of opinions contained in the audit report itself. Accordingly, Clarivate's 2020 Form 10-K/A and PwC's audit report contained therein, which the Court may consider on a Rule 12 motion, is attached hereto as Exhibit A.[1]

In its independent auditor's report, PwC opined that Clarivate's year-end 2020 financial statements were fairly presented in all material respects. Specifically, PwC stated:

> ***In our opinion***, the consolidated financial statements referred to above present fairly, in all material respects, the financial position of the Company as of December 31, 2020 and 2019, and the results of its operations and its cash flows for each of the three years in the period ended December 31, 2020 in conformity with accounting principles generally accepted in the United States of America. ***Also in our opinion***, the Company did not maintain, in all material respects, effective internal control over financial reporting as of December 31, 2020, based on criteria established in *Internal Control – Integrated Framework (2013)* issued by the COSO because a material weakness in internal control over financial reporting existed as of that date related to lack of effectively designed controls over the evaluation of settlement features used to determine the classification of warrant instruments.

Ex. A at 69 (emphases added).[2]

PwC's audit report clearly delineated its responsibilities from Clarivate's: "The Company's management is responsible for these consolidated financial statements, for maintaining effective

---

[1] *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–153 (2d Cir. 2002) ("For purposes of [Rule 12(b)(6)], 'the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.'. . . Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint.") (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)).

[2] Citations in the form "Ex. __" refer to the exhibit to the Declaration of Karim Basaria, dated October 7, 2022.

4

internal control over financial reporting, and for its assessment of the effectiveness of internal control over financial reporting included in management's report referred to above." *Id.* at 69–70. By contrast, PwC's "responsibility ***is to express opinions*** on the Company's consolidated financial statements and on the Company's internal control over financial reporting based on our audits." *Id.* at 70 (emphasis added). PwC further expressed that it had conducted its audit in accordance with the standards of the Public Company Accounting Oversight Board and that it "***believe[d]*** that [its] audits provided a reasonable basis for [the Firm's] *opinions*." *Id.* (emphases added).

Although Plaintiffs allege that Clarivate's year-end 2020 financial statements were subsequently restated, *see* Compl. ¶¶ 191–193, nowhere in the Complaint do Plaintiffs allege that PwC did not actually hold its opinions at the time of the offerings. Nor do they allege that PwC's audit reports omitted material facts regarding the Firm's inquiry into or knowledge concerning its opinions that made the opinions misleading to a reasonable investor.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), the Court must grant a motion to dismiss where the complaint does not state a claim for "relief that is plausible on its face." *IBEW Local Union No. 58 Pension Tr. Fund and Annuity Fund v. Royal Bank of Scot. Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the Court must accept well-pleaded factual allegations as true, "a complaint [must] *support* the viability of its claims by pleading sufficient nonconclusory factual matter to set forth a claim that is plausible on its face." *E.E.O.C. v. Port Auth. of N.Y. and N.J.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a complaint offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do")).

5

## ARGUMENT

The Court should dismiss the Section 11 claim against PwC because Plaintiffs plead virtually no facts pertaining to PwC and fail to plead *any* actionable misstatement or material omission of fact by the Firm. The Second Circuit and courts across the country have held that audit reports, like the one at issue here, are statements of opinion because they are identified as such on their face and describe inherently subjective determinations. *See Querub*, 649 F. App'x at 58; *accord Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd.*, 645 Fed. App'x. 72, 75–76 (2d Cir. 2016); *see also Hunt v. Bloom Energy Corp.*, No. 19-cv-02935-HSG, 2021 WL 4461171, at *14–15 (N.D. Cal. Sept. 29, 2021); *In re SunEdison, Inc. Sec. Litig.*, 300 F. Supp. 3d 444, 500 (S.D.N.Y. 2018); *Johnson v. CBD Energy Ltd.*, Civ. Action H-15-1668, 2016 WL 3654657, at *12 (S.D. Tex. July 6, 2016).

In *Omnicare*, the Supreme Court set forth requirements for challenging an opinion in a registration statement under Section 11. The Court held that "a sincere statement of pure opinion is not an 'untrue statement of material fact,' regardless [of] whether an investor can ultimately prove the belief wrong." 575 U.S. at 186. Rather, such statements of opinion are only false, for purposes of Section 11, if the speaker either "held a subjective belief inconsistent with the opinion," *Querub*, 649 F. Appx. at 58, or "omit[ted] material facts about [its] inquiry into or knowledge" concerning the opinion that "conflict with what a reasonable investor would take" from the opinion itself, *Omnicare*, 575 U.S. at 189. Furthermore, with regard to any alleged material omission, a plaintiff is required to plead omission "not merely by means of conclusory assertions," but rather:

> The investor must identify particular (and material) facts going to the basis for the issuer's opinion—facts about the inquiry the issuer did or did not conduct or the knowledge it did or did not have—whose omission makes the opinion statement at issue misleading to a reasonable person reading the statement fairly and in context.

6

*Id.* at 194. The Supreme Court has recognized that this is "no small task for an investor," *id.*, and "liability is not necessarily established" even where a plaintiff "demonstrate[s] that 'an issuer [of an opinion] knows, but fails to disclose, some fact cutting the other way,' because '[r]easonable investors understand that opinions sometimes rest on weighing of competing facts.'" *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 856 F.3d 605, 615 (9th Cir. 2017) (quoting *Omnicare*, 575 U.S. at 189–190); *see also Jaroslawicz v. M&T Bank Corp.*, 962 F.3d 701, 717–18 (3d Cir. 2020) (describing this benchmark as "rigorous" and holding that shareholders failed to meet it where there was "no allegation that [the defendants] offered an insincere opinion" and plaintiffs did not allege "particular facts about the [defendants'] conduct.").

Plaintiffs have failed to allege that PwC did not subjectively believe its opinions. Nor do they allege any particular and material facts about PwC's inquiry or knowledge, a necessary element for a cognizable Section 11 claim under an omission theory of liability. Accordingly, Plaintiffs have failed to allege an actionable misstatement under Section 11, and the Court should dismiss the claim against PwC.

### A. The Statements In PwC's Audit Reports Are Statements of Opinion.

The statements in PwC's audit report regarding Clarivate's financial statements are opinions and clearly identified as such on their face:

> ***In our opinion***, the consolidated financial statements referred to above present fairly, in all material respects, the financial position of the Company as of December 31, 2020 and 2019, and the results of its operations and cash flows for each of the three years in the period ended December 31, 2020 in conformity with accounting principles generally accepted in the United States of America.

Ex. A at 69 (emphasis added).

Further, PwC made clear that its "responsibility ***is to express opinions***" on the Company's financial statements and internal control over financial reporting based on its audits, and that it

7

"***believe[d]*** that [its] audits provide a reasonable basis for [the Firm's] ***opinions***." *Id.* at 70 (emphases added).

It is settled law that statements labelled "opinions" or that use the words "[w]e believe" are, on their face, statements of opinion. *See Omnicare*, 575 U.S. at 184, 188; *Querub*, 649 F. App'x at 58. Indeed, the Second Circuit and courts across the country have held that the statements contained in an independent auditor's report over financial statements are opinions because they are characterized as such on their face and because, by their nature, they require subjective judgment. *See Querub*, 649 F. App'x at 58 ("Audit reports, labeled 'opinions' and involving considerable subjective judgment, are statements of opinion subject to the *Omnicare* standard for Section 11 claims."); *accord Special Situations Fund III*, 645 Fed. App'x. at 75–76; *In re AmTrust Fin. Servs., Inc. Sec. Litig.*, 17-CV 1545 (LAK), 2019 WL 4257110, at *33 (S.D.N.Y. Sept. 9, 2019) (holding that the statements contained in BDO's audit reports were statement of opinion); *see also In re SunEdison*, 300 F. Supp. 3d at 498 (holding same with respect to statements contained in KPMG's audit report). This includes courts that have evaluated claims brought under Section 11 against PwC and its member firms based on audit reports substantially similar to the report at issue here. *See Bloom Energy Corp.*, 2021 WL 4461171, at *14–15 (holding that statements in PwC's audit report were statements of opinion under *Omnicare*); *CBD Energy*, 2016 WL 3654657, at *12 (same with regard to PwC Australia). In so holding, these courts have specifically recognized the significant degree of judgment and subjectivity involved in the application of GAAP and the professional auditing standards. *See, e.g.*, *Bloom Energy Corp.*, 2021 WL 4461171, at *14 (noting that the accounting issues were "complex and may require the exercise of considerable judgment"); *In re AmTrust Fin. Servs.*, 2019 WL 4257110, at *15 (recognizing that GAAP "call[ed] for subjective judgments," notwithstanding that the company

8

used the word "error" to describe its original accounting upon restatement); *In re SunEdison*, 300 F. Supp. 3d at 499 (recognizing the "breadth and subjectivity" of the professional auditing standards).

Accordingly, the mere fact that PwC issued an audit report and consented to its inclusion in a registration statement—even if that audit report was later found to have been incorrect—is not actionable under *Omnicare*. Without pleading subjective falsity or the omission of particular, material facts regarding PwC's inquiry or knowledge with respect to the audit report, the Complaint is fundamentally defective.

   **B. Plaintiffs Fail To Allege—And In Fact Disavow—Subjective Falsity.**

The Court should dismiss the claims against PwC because the Plaintiffs do not and cannot allege that PwC did not subjectively believe its opinions. Statements of opinion are not actionable under Section 11 simply because they are later determined to have been factually incorrect. Rather, statements of opinion are only actionable as misstatements under *Omnicare*'s first prong if the opinion was subjectively false—that is, the speaker did not honestly hold the opinion. 575 U.S. at 184; *accord Querub*, 649 Fed. App'x. at 58. "[A] sincere statement of pure opinion is not an 'untrue statement of material fact,' regardless [of] whether an investor can ultimately prove the belief wrong." *Omnicare*, 575 U.S. at 186. This is because Section 11 "does not allow investors to second-guess inherently subjective and uncertain assessments." *Id.*

Plaintiffs do not (and cannot) allege that PwC did not honestly believe the opinions in its year-end 2020 audit report. In fact, the Complaint contains no factual allegations regarding PwC's audit report or conduct other than the fact that PwC consented to the incorporation by reference of its February 26, 2021 audit report in Clarivate's 2020 and 2021 Shelf Registration Statements. Compl. ¶¶ 349, 353. The Complaint is bereft of any allegations whatsoever concerning the bases

9

of PwC's opinions, PwC's audit procedures, the Firm's adherence to the applicable auditing standards, or information known to PwC at the time it issued its audit report. Most notably, the Complaint does not allege that PwC knew or should have known that its audit report contained any errors at the time of the offerings.

Numerous courts have found that such allegations, even if assumed to be true, fall far short of the requirements to sustain a Section 11 claim against an independent auditor. *See Querub*, 649 F. App'x at 58; *see, e.g.*, *Special Situations Fund III*, 645 Fed. App'x. at 75–76 (affirming dismissal of claims against auditor where plaintiffs did not adequately allege that auditor "lacked a subjective belief in its opinions"); *In re SunEdison, Inc. Sec. Litig.*, 300 F. Supp. 3d at 499 (noting that "the Complaint fail[ed] to include facts to support a conclusion that KPMG did not honestly hold its belief that it complied with [Generally Accepted Auditing Standards]"); *Bloom Energy Corp.*, 2021 WL 4461171, at *15 (dismissing claim against PwC based on nearly identical audit report: "Plaintiffs appear to concede that they have not alleged subjective falsity as required under *Omnicare*. And the Court finds that they have failed to plead any facts suggesting that PwC did not sincerely believe that the 'financial statements present fairly, in all material respects, the financial position of the Company' . . . ."); *CBD Energy Ltd.*, 2016 WL 3654657, at *12 (dismissing nearly identical Section 11 claim against PwC Australia because "Plaintiffs do not allege that PwC Australia did not subjectively believe any of the opinions it provided in its report, and PwC Australia's opinions do not contain any embedded statements of fact that are untrue.").[3]

---

[3] *See also In re Velti PLC Sec. Litig.*, No. 13-cv-03889-WHO, 2015 WL 5736589, at *17–18 (N.D. Cal. Oct. 1, 2015) (applying *Omnicare* and dismissing Section 11 claim against auditor); *Se. Pa. Transp. Auth. v. Orrstown Fin. Servs., Inc.*, No. 1:12-cv-00993, 2015 WL 3833849, at *33–34 (M.D. Pa. June 22, 2015); *Buttonwood Tree Value Partners, LP v. Sweeney*, No. SACV 10-00537-CJC(MLGx), 2012 WL 2086607, at *2 (C.D. Cal. June 7, 2012) (pre-*Omnicare*) ("An auditor's report is a statement of professional opinion, not fact. . . . Because they are statements of opinion, Plaintiffs must allege subjective falsity, that [auditor] did not believe, or had no reasonable basis to believe, that it complied with GAAS and that [the company] complied with GAAP. The SAC does not sufficiently allege such beliefs and thus fails to adequately plead the first element of a claim for securities fraud.").

Not only do Plaintiffs fail to plead any facts suggesting PwC did not subjectively believe its opinions, Plaintiffs *explicitly disclaim* any allegations of fraud and recklessness in connection with their Section 11 claims, and in so doing, reinforce that they have not pled subjective falsity. In Count III, which alleges violations of Section 11 of the Securities Act, Plaintiffs themselves plead the reason their claim fails under *Omnicare*'s first prong: "Plaintiffs do not allege, and do not intend to allege, fraud, recklessness, or intentional misconduct, and any implication of fraud, recklessness, or intentional misconduct is expressly disclaimed." Compl. ¶ 390. In fact, Plaintiffs instead expressly plead that the Securities Act violations they allege sound only in negligence and strict liability. *See id.* ¶¶ 12, 345; *see also id.* ¶ 395 (alleging the Securities Act Defendants had a duty of reasonable care). These disclaimers preclude any allegation or inference that PwC did not honestly believe the opinions contained in its audit report. *See Omnicare*, 575 U.S. at 186 (because plaintiffs' complaint expressly "'exclude[d]' and 'disclaim[ed]' any allegation sounding in fraud or deception," the plaintiffs "do not contest that Omnicare's opinion was honestly held," dooming their Section 11 false-statement claim); *see also CBD Energy Ltd.*, 2016 WL 3654657, at *12 (dismissing nearly identical claim against PwC Australia under *Omnicare* and holding that "granting Plaintiffs leave to amend their section 11 claim would be futile" because "Plaintiffs have expressly disclaimed any allegations of fraud against PwC"); *In re Velti PLC Sec. Litig.*, 2015 WL 5736589, at *17–18 (dismissing Section 11 claims where the complaint "repeatedly disavows any allegation sounding in fraud or deception").

The absence of any allegation that PwC did not honestly hold its opinions and Plaintiffs' disclaimer of fraud doom any claim against PwC under *Omnicare*'s subjective-falsity prong.

### C. Plaintiffs Fail To Allege A Material Omission Of Fact.

Finally, Plaintiffs' claim against PwC also fails under an omission theory because the Complaint contains no allegations that PwC omitted material facts about its inquiry or knowledge concerning its audit opinions that made the opinions misleading to a reasonable investor.

Courts applying *Omnicare* have made clear that statements of opinion are actionable under Section 11 under an omission theory only if "the 'opinion 'omits material facts about the issuer's inquiry into or knowledge concerning a statement of opinion, . . . if those facts conflict with what a reasonable investor would take from the statements [of opinion] itself.'" *Querub*, 649 F. App'x. at 58 (quoting *Special Situations Fund III*, 645 F. App'x. at 76). Specifically, Plaintiffs needed to allege *with particularity* facts regarding PwC's "inquiry into or knowledge concerning" the opinions in its audit reports, and that those facts "conflict with what a reasonable investor would take" from the opinions themselves. *Omnicare*, 575 U.S. at 188–89. For an opinion to be misleading, it is not sufficient that the speaker knows about but fails to disclose some fact cutting against its opinion. *Id.* at 189–90. Rather, a plaintiff must plead "particular" and "material" facts regarding the inadequacy of the speaker's inquiry or knowledge, and that omitting such facts made the opinion misleading from the perspective of a reasonable investor. *Id.* at 194; *see, e.g.*, *AmTrust Fin. Servs.*, 2019 WL 4257110, at *33–34 (dismissing claim against auditor where plaintiffs failed to allege any facts relevant to the auditor's supervision, review, documentation, and performance of the audit that "would have been significant to a reasonable in investor in making investment decisions").

The Complaint does not allege ***any facts*** about PwC's inquiry or knowledge, let alone particular or material facts that conflict with what a reasonable investor would take from the opinions. Instead, the Complaint contains a broad, generic allegation that "the Securities Act Defendants"—some 20 natural and juridical persons—"did not make a reasonable investigation or

12

possess reasonable grounds for the belief that the statements contained in the Offering Materials were true, were without omission of any material facts, and/or were not misleading." *See* Compl. ¶¶ 366, 395. These allegations say nothing "particular" or "material" about any Defendant, and they say nothing at all about PwC. Nor does the Complaint allege a single fact that was omitted from PwC's audit report. That silence is dispositive. The allegations pertaining to PwC are wholly insufficient to meet the pleading standard for an omission theory of liability. *See Querub*, 649 F. App'x at 58; *see, e.g.*, *Orrstown*, 2015 WL 3833849, at *33–34 (dismissing Section 11 claim against auditor because "Plaintiff has failed to point to a factual basis supporting its allegation that [the auditor] did not believe its opinion" and because "Plaintiff fails to identify actual and material steps taken or not taken by [auditor] in its audit or knowledge it did or did not have in the formation of its opinion, instead claiming that any reasonable audit would have uncovered a material fact whose omission renders the opinion misleading to a reasonable person reading the statement fairly and in context").

## **CONCLUSION**

For the foregoing reasons, PwC respectfully requests that this Court grant the Motion and dismiss Plaintiffs' claim against PwC.

DATED: October 7, 2022

*/s/ Kevin A. Burke*
Kevin A. Burke
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, NY 10019
Telephone: 212-839-5300
kaburke@sidley.com

Bruce R. Braun *(pro hac vice)*
Karim Basaria *(pro hac vice)*
Meredith R. Aska McBride *(pro hac vice)*
**SIDLEY AUSTIN LLP**

13

                                        One South Dearborn Street
                                        Chicago, Illinois 60603
                                        Telephone: 312-853-7000
                                        *bbraun@sidley.com*
                                        *kbasaria@sidley.com*
                                        *meredith.mcbride@sidley.com*