```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------x

KEVIN PAROT, Individually and on
Behalf of All Others Similarly
Situated,                                        MEMORANDUM & ORDER
                                                 22-cv-00394 (EK)(MMH)
                    Plaintiff,


              -against-


CLARIVATE PLC, JERRE STEAD, RICHARD
HANKS, CHRISTINE ARCHBOLD, MUKHTAR
AHMED, JEFFREY ROY, et al.

                    Defendants.

---------------------------------------x
```

ERIC KOMITEE, United States District Judge:

       The plaintiffs in this class action have filed a sprawling complaint against securities issuer Clarivate Plc; many individuals allegedly affiliated with Clarivate; the bank that underwrote Clarivate's securities offerings (Citigroup Global Markets Inc.); Clarivate's auditor (PricewaterhouseCoopers LLP); and certain investment funds that acquired early equity stakes in Clarivate. The plaintiffs allege violations of the Securities Exchange Act of 1934; its implementing regulation, Rule 10b-5; and the Securities Act of 1933.

       The defendants moved to dismiss. At oral argument on defendants' motions, I observed that the complaint was "long on atmospherics" and "short on particulars," especially such

specifics as "which misstatements or omissions we're talking about and what makes them demonstrably false." Hr'g Tr. 3:8-14, ECF No. 88. At my request, the parties submitted post-argument briefing on whether, if I were to dismiss one or more claims, such dismissal should be with prejudice or whether I should grant leave to amend with any dismissal. *See* ECF Nos. 90-93. I have considered these submissions and now grant limited leave to do so despite plaintiffs' having sought leave to amend only to the extent that the court first dismissed one or more claims. *See Khodeir v. Sayyed*, 323 F.R.D. 193, 197 (S.D.N.Y. 2017)("[A] court has the discretion to grant leave to amend *sua sponte* even when the amending party has not moved for leave to amend the pleading.").[1] For the reasons elaborated below, if I were to dismiss all claims on the grounds that the defendants have urged, I would be bound to grant leave to amend, at least in part. Accordingly, to conserve judicial resources, I grant leave to amend before disposing of the motions to dismiss.

I. **Discussion**

A court "should freely" grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Absent "undue delay, bad faith or dilatory motive on the part of the movant,

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," leave should "be freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

This case has not seen the "repeated failure to cure deficiencies," as the operative complaint "is the very first pleading filed by Plaintiffs." Pls.' Letter 1, ECF No. 93 (emphasis omitted). Moreover, "Plaintiffs (and Lead Counsel) did not file a complaint in this matter before the actions were consolidated and lead plaintiff was appointed." *Id.* (emphasis omitted). Likewise, as "discovery has not even commenced," there is no "undue prejudice" in allowing plaintiffs to amend. *Francisco v. Abengoa, S.A.*, 559 F. Supp. 3d 286, 314 (S.D.N.Y. 2021). And leave to amend has not been *requested* too late, in bad faith, or with dilatory motive.

The key inquiry is thus whether amendment would be futile. "Futility is a determination, as a matter of law," that amendment "would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6)." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012). The defendants have established that some, but not all, of their defenses would, if successful, render amendment futile. Specifically, PricewaterhouseCoopers' argument that auditors are

3

categorically exempt from liability for certain kinds of statements attacks the legal sufficiency of plaintiffs' theory, not the adequacy of plaintiffs' allegations. *See* PwC Letter 1, ECF No. 91. The same is true for the Fund Defendants' arguments that they are not underwriters or statutory sellers as a matter of law. *See* Fund Defendants' Letter 1, ECF No. 92.

In contrast, the argument that leave to amend the fraud claims would be futile — because the plaintiffs relied on lower-level confidential witnesses who purportedly know too little to establish falsity or scienter — is unavailing. *See* Clarivate, et al., Letter 1, ECF No. 90. Assuming that this could be grounds for dismissal, it is no argument for futility. *See, e.g.*, *In re Take-Two Interactive Sec. Litig.*, 551 F. Supp. 2d 247, 312 (E.D.N.Y. 2008) ("Given the possibility that Lead Plaintiffs might come forward" with allegations to cure deficiencies in pleading scienter, "repleading is not necessarily futile in this case.").

## II. Conclusion

Limited leave to amend is granted *sua sponte*. The plaintiffs have until July 7, 2023 to file an amended complaint on the docket.

This leave is granted to allow the plaintiffs to "nudge[] their claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

4

(2007).  However, the plaintiffs do not have leave to amend the legal theories under which they proceed.

Additionally, the plaintiffs are permitted and invited to streamline their complaint, and they are reminded that Rule 8 calls for "*a short and plain statement* of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  "[T]he Second Circuit has suggested that a district court has the power to dismiss a complaint without leave to amend where leave to amend has previously been given and the successive pleadings remain prolix and unintelligible."  *Logan v. Matveevskii*, 57 F. Supp. 3d 234, 287–88 (S.D.N.Y. 2014) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

SO ORDERED.

    /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:   June 23, 2023
        Brooklyn, New York