**Sarah Tomkowiak**
Direct Dial: +1.202.637.2335
sarah.tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200 Fax: +1.202.637.2201
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Silicon Valley |
| Hong Kong | Singapore |
| Houston | Tel Aviv |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

# LATHAM & WATKINS LLP

March 27, 2024

**VIA ECF**

Hon. Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Parot v. Clarivate Plc, et al.*, No. 1:22-cv-394-EK-MMH: Fund Defendants' Response to Plaintiffs' March 20, 2024 Letter

Dear Judge Komitee:

I write on behalf of Defendants Onex Corporation, The Baring Asia Private Equity Fund VI, L.P.1, The Baring Asia Private Equity Fund VI, L.P.2, and Elgin Investment Holdings Limited (collectively, the "Fund Defendants") in response to Plaintiffs' letter dated March 20, 2024 (ECF No. 115). The letter raises *In re Didi Global Inc. Sec. Litig.*, 2024 WL 1119483 (S.D.N.Y. Mar. 14, 2024) ("*Didi*" or "*In re Didi*") as supplemental authority in opposition to the Fund Defendants' Motion to Dismiss (ECF No. 76), but *Didi* does not address any Section 11 questions before this Court.

In *Didi*, the Court held, "Section 11 claims may be predicated upon misrepresentations or omissions contained in underwriting agreements filed with registration statements." *In re Didi*, 2024 WL 1119483 at *11. This holding is consistent with the Fund Defendants' position in their motion to dismiss. *See* Fund Defendants' Reply at 8 (ECF No. 81) ("§ 77b(a)(8) is intended to make the enumerated parties in § 77k(a)(1-5) responsible for misstatements in registration statements and documents included with them.").[1]

Meanwhile, *Didi* did not address the unresolved question before this Court, *i.e.*, Plaintiffs' assertion that "[b]y signing the underwriting agreements for the Offerings, which by operation of law became part of the Registration Statements, [the Fund Defendants] were also signatories of

---

[1] Moreover, while the *Didi* plaintiffs alleged misstatements in the underwriting agreements themselves, Plaintiffs in this case take no issue with the content of the underwriting agreements attached to the relevant registration statements.

LATHAM&WATKINS LLP

the Registration Statements," and thus liable under § 77k(a)(1). ECF No. 79 at 12.[2] Plaintiffs have yet to provide any authority (*Didi* or otherwise) supporting the novel expansion of Section 11 liability under § 77k(a)(1) that they ask this Court to endorse. Indeed, Plaintiffs' preferred holding, that signatories to an underwriting agreement incorporated into a registration statement have somehow signed the registration statement itself, is nowhere to be found in the *Didi* opinion.[3]

Additionally, Plaintiffs claim in their letter that the Fund Defendants argued that "'absurd results' would follow if the plain language of the statutory scheme were followed," and cite Judge Kaplan's rejection of the *Didi* underwriters' (entirely different) "absurd results" argument to contend that no "absurd results" would follow in this case, either. ECF No. 115 at 2 (citing *Didi*, 2024 WL 1119483 at *12-13, and ECF No. 81 at 7). In *Didi*, however, the Court explained that absurd results would not follow from its holding that Section 11 claims may be predicated upon misrepresentations contained in underwriting agreements filed with registration statements, because defendants could still secure dismissal of misstatements in other "inconsequential documents" filed with registration statements (as "such claims would fail for lack of materiality"). *In re Didi*, 2024 WL 1119483 at *12. In contrast here, the Fund Defendants argued that "absurd results" would follow if the plain language of § 77k(a)(1) (imposing liability for "sign[ing] the registration statement") was *not* followed, and "signing" was "just one of many ways to become a signer of the registration statement." *See* ECF No. 81 at 8-9. Plaintiffs have never offered a limiting principle for that absurd result, and *Didi* comes nowhere close to addressing it.

For the foregoing reasons, as well as those set forth in the Fund Defendants' Motion to Dismiss, Plaintiffs' Section 11 claim (and all claims) against the Fund Defendants should be dismissed in their entirety.

Respectfully submitted,

*/s/ Sarah Tomkowiak*
Sarah Tomkowiak (admitted *pro hac vice*)

cc: All Counsel of Record (via ECF)

---

[2] Nor does the *Didi* opinion address the separate question of whether the Fund Defendants fall within the definition of "underwriter" subject to liability under § 77k(a)(5). *See* ECF No. 81 at 10-15.

[3] Plaintiffs also selectively quote the Fund Defendants' prior submissions to suggest that the Fund Defendants argued a Section 11 claim may not be based on misrepresentations in an underwriting agreement. *See* ECF No. 115 at 1 (citing ECF No. 99 at 2). That is not true. In the pre-motion letter cited by Plaintiffs, the Fund Defendants argued that "[a]lthough the argument has already been considered by this Court, Plaintiffs appear set to argue again that the Fund Defendants should be held liable under 15 U.S.C. § 77k(a)(1) *as signatories of the Registration Statements*, based on their signatures on underwriting agreements incorporated into those Registration Statements. No court has ever sustained liability on that basis." *See* ECF No. 99 at 2 (emphasis added).