UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------x

PENSION TRUST FUND FOR OPERATING
ENGINEERS et al., Individually and on
Behalf of All Others Similarly
Situated,

                      Plaintiffs,

           -against-

CLARIVATE PLC et al.,

                    Defendants.

---------------------------------------x

**MEMORANDUM & ORDER**
22-CV-394(EK)(MMH)

(Consolidated with Case Nos. 22-CV-1371 and 22-CV-1372)

ERIC KOMITEE, United States District Judge:

The Court presumes familiarity with the procedural and factual background of this case, as set forth in our March 30, 2026 order on defendants' motions to dismiss. *See generally* Mem. & Order, ECF No. 124. Plaintiffs purchased Clarivate Plc stock. They bring securities-fraud claims against the company and its auditor (PricewaterhouseCoopers LLP, or "PwC"), among other defendants. PwC asks the Court to certify its March 30 order for interlocutory appeal or, in the alternative, reconsider the denial of its motion to dismiss. *See* Br. in Supp. of Mot. 1, ECF No. 127. Specifically, PwC challenges the Court's determination that it can be held liable — subject to the due-diligence defense — for the misstatements and omissions in the Clarivate registration statements that it certified. For the following reasons, PwC's motion is denied.

## I.   Motion for Certification for Interlocutory Appeal

Interlocutory appeals are "a rare exception to the final judgment rule," *Koehler v. Bank of Berm. Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996), and are only justified by "exceptional circumstances." *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990).* Granting an interlocutory appeal is appropriate when (1) "such order involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  "The party seeking interlocutory appeal has the burden to establish all three section 1292(b) factors," *United States ex rel. Quartararo v. Cath. Health Sys. of Long Island Inc.*, 521 F. Supp. 3d 265, 273 (E.D.N.Y. 2021), and — even then — "the district court retains unfettered discretion to deny certification." *Hecklerco, LLC v. YuuZoo Corp. Ltd.*, 258 F. Supp. 3d 350, 356 (S.D.N.Y. 2017).

We do not believe there is a substantial ground for difference of opinion regarding PwC's liability for the misstatements and omissions in the financial statements it certified.  As stated in the Court's prior order, PwC's reading of the Securities Act is "squarely foreclosed" by "the plain

---

* Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

language of Section 11(a)(4), . . . other securities law and regulations, and . . . the prevailing case law in this Circuit." Mem. & Order 33.

PwC cites out-of-circuit cases in which courts reached the opposite conclusion, including the Ninth Circuit's decision in *Hunt v. PricewaterhouseCoopers LLP*, 159 F.4th 603 (9th Cir. 2025), which the original motion to dismiss order already addressed. *See* Br. in Supp. of Mot. 8-9; Mem. & Order 38. But "[c]ourts have repeatedly found that disagreement among courts outside the Second Circuit does not establish a substantial ground for difference of opinion." *Murray v. UBS Sec., LLC*, No. 12-CV-5914, 2014 WL 1316472, at *6 (S.D.N.Y. Apr. 1, 2014) (collecting cases). And the only in-circuit case PwC cites, *In re Puda Coal Sec. Inc., Litig.*, 30 F. Supp. 3d 230 (S.D.N.Y. 2014), *aff'd sub nom. Querub v. Hong Kong*, 649 F. App'x 55 (2d Cir. 2016) — which, again, we discussed in the prior order — does not squarely address this question. Instead, *Puda Coal* held that "audit statements" themselves are "statements of opinion." *Id.* at 259; *see also Quereb*, 649 F. App'x at 58 (similar).

PwC argues that *Quereb* implicitly rejected our interpretation of Section 11 because the plaintiff-appellants there also argued that auditors should be liable for misstatements they certify, and the Second Circuit nonetheless

3

upheld the district court's dismissal order.  *See* Br. in Supp. of Mot. 2, 10.  But the Circuit's silence on that issue, in a relatively short summary order, proves little.  That is especially true given that the Circuit has subsequently stated in a *published* order — albeit in dicta — that an outside auditor is responsible "for any material inaccuracy in the . . . statements that it certified, or in financial reports incorporated in those statements."  *New England Carpenters Guaranteed Annuity & Pension Funds v. DeCarlo*, 122 F.4th 28, 52 (2d Cir. 2024), *cert. denied sub nom. BDO USA, LLP v. New England Carpenters Guaranteed Annuity & Pension Funds*, 146 S. Ct. 261 (2025).  Accordingly, the Court sees no substantial basis for disagreement.

Nor would an immediate appeal materially advance the termination of the litigation.  Even if PwC were to ultimately be dismissed as a defendant, plaintiffs' claims against Clarivate, Citigroup Global Markets, Inc., and the individual defendants — including the Section 11 claims — would survive. Under such circumstances, "an interlocutory appeal by a single defendant will not materially advance the termination of the litigation."  *Jenkins v. Miller*, No. 12-CV-184, 2014 WL 5421228, at *1 (D. Vt. Oct. 24, 2014); *see also German by German v. Fed. Home Loan Mortg. Corp.*, 896 F. Supp. 1385, 1398 (S.D.N.Y. 1995) (interlocutory appeal will not advance litigation when there are

4

"numerous claims and other defendants who would be unaffected by a favorable ruling on these issues").

PwC's motion for certification for interlocutory appeal is denied.

## II.  Motion for Reconsideration

"A motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013).  "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked."  *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 54 (2d Cir. 2019); *see also* Local Civ. Rule 6.3 (requiring party moving for reconsideration to identify "the matters or controlling decisions which the moving party believes the court has overlooked").

PwC largely bases its motion for reconsideration on *Quereb*'s implicit rejection of our interpretation of Section 11. *See* Br. in Supp. of Mot. 15.  But the Court considered *Quereb* in our initial motion to dismiss order, as noted above.  *See* Mem. & Order 37-38.  And, for the reasons described above, our interpretation of *Quereb*, combined with *New England Carpenters*,

5

was not clear error.  Moreover, "courts in this Circuit have repeatedly denied motions for reconsideration that are based on unpublished summary orders" because those orders have no precedential effect.  *Hastings Dev., LLC v. Evanston Ins. Co.,* No. 14-CV-6203, 2016 WL 3632708, at *4 (E.D.N.Y. June 29, 2016) (collecting cases).

PwC also argues that the "Order errs by assuming that Section 11(a)(4) makes certifying auditors strictly liable to the same extent as issuers (subject only to the due-diligence defense), without regard for the form of the certification."  Br. in Supp. of Mot. 15.  But that is simply a repackaging of PwC's original argument in its motion to dismiss.  Accordingly, the motion for reconsideration is denied.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    May 18, 2026
          Brooklyn, New York